IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TED WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0471-WS-N |
| | ) |
| WILLIE JAMES LEWIS, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

    This matter comes before the Court *sua sponte* on preliminary screening of the Notice of Removal (doc. 1), filed by defendant Willie James Lewis on July 23, 2012.

    In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1] In the Notice of Removal, Lewis predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). The Notice of Removal leaves substantial unanswered questions as to the complete diversity requirement.

---

[1]     *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (noting that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

The Notice of Removal states that plaintiff is an Alabama citizen for diversity purposes and that defendant Lewis is a Georgia citizen for diversity purposes. So far, so good. There is, however, one other named defendant, to-wit: Greatwide Logistics Services, LLC. The Notice of Removal says <u>nothing</u> about the citizenship of this defendant, but instead unilaterally specifies that a different entity (Greatwide Dedicated Transport I, LLC) should have been named as defendant in lieu of Greatwide Logistics Services, LLC.[2] The Notice of Removal then goes on to address the citizenship of Greatwide Dedicated Transport I, LLC for diversity purposes. Lewis's approach is improper for two reasons. First, plaintiff is the master of his Complaint. The existence or absence of federal jurisdiction is ascertained not by reference to those entities that the removing defendant thinks are or may be proper defendants, but instead by reference to those entities actually named as defendants in the Complaint. Simply put, it is the citizenship of the named defendant – Greatwide Logistics Services, LLC – that matters for the § 1332 jurisdictional analysis. The Notice of Removal says nothing on that score; therefore, the Court cannot ascertain whether complete diversity does or does not lie here.

Second, even if Greatwide Dedicated Transport I, LLC were the proper unit of observation in the diversity analysis, Lewis does not provide sufficient factual allegations to demonstrate that this entity is of diverse citizenship from plaintiff. Of course, as Lewis correctly recognizes, for diversity of citizenship purposes, an unincorporated association (whether LLP or LLC) such as Greatwide Dedicated Transport I (or Greatwide Logistics Services, for that matter) is a citizen of any state of which any member of the entity is a citizen. *See, e.g., Osting-Schwinn*, 613 F.3d at 1086 (recognizing that, in contrast to corporations, "unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the

---

[2] Lewis justifies this on-the-fly substitution with a conclusory wave of his hand, indicating that "Greatwide Logistics does not own any operational authority from the USDOT, nor did Greatwide Logistics employ Defendant Lewis, or own the equipment he drove." (Doc. 1, at 4.) Lewis does not, however, make any viable argument or showing that Greatwide Logistics' citizenship is properly excluded from the complete diversity analysis under any recognized legal theory.

company is a citizen"). Thus, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity, "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022. The Notice of Removal states that the sole member of Greatwide Dedicated Transport I, LLC is Greatwide Dedicated Transport, LLC. But that does not suffice to answer the question. Lewis does not specify the citizenship of Greatwide Dedicated Transport, LLC's members, but instead proffers only irrelevancies about state of incorporation and principal place of business. All that does is kick the can down the road, without shedding light on whether there is or is not complete diversity. Simply put, Greatwide Dedicated Transport I, LLC is a citizen of all states of which all members of its sole member (Greatwide Dedicated Transport, LLC) are citizens. The Notice of Removal is silent as to the citizenship of any of Greatwide Dedicated Transport, LLC's members, and is therefore inadequate to establish diversity jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1092-93 (reversing and remanding case where district court had not required unincorporated association to plead citizenship of all of its members in order to establish subject matter jurisdiction).

In light of the foregoing, defendant Lewis is **ordered** to file a supplemental memorandum, supported by exhibits and authorities as appropriate, in support of his Notice of Removal on or before **September 20, 2012**, addressing these defects, at which time the jurisdictional issue will be taken under submission.

DONE and ORDERED this 6th day of September, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE