IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TED WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION 12-0471-WS-N |
| | ) |
| WILLIE JAMES LEWIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte* upon review of the Notice of Removal (doc. 1) and defendant Willie James Lewis's Supplemental Memorandum Regarding Notice of Removal (doc. 15).

Plaintiff, Ted Williams, filed suit in Marengo County Circuit Court against named defendants, Willie James Lewis and Greatwide Logistics Services, LLC. The Complaint alleged state-law claims for negligence, wantonness, and negligent/wanton entrustment, all arising from an automobile accident that occurred on June 19, 2010. According to the well-pleaded allegations of the Complaint, Williams contends that Lewis (during his employment for Greatwide) negligently or wantonly operated an 18-wheel vehicle in such a manner that it collided with plaintiff's brother, Eddie Williams, and wrongfully caused his death.

On July 23, 2012, defendant Lewis (with the consent of defendant Greatwide, which is represented by the same attorneys who represent Lewis herein) removed this matter to federal court. In the Notice of Removal, Lewis predicated federal jurisdiction solely on the diversity provisions of 28 U.S.C. § 1332. Of course, "[f]or federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Upon *sua sponte* review of the Notice of Removal, the undersigned harbored substantial doubt as

to whether complete diversity of citizenship in fact exists here.[1]  For that reason, the Court entered an Order (doc. 10) on September 6, 2012, outlining its concerns and affording Lewis an opportunity to respond.  In a three-sentence Supplemental Memorandum filed on September 20, 2012, Lewis states, without elaboration, that he was "unable to obtain any additional information responsive to the Court's Order." (Doc. 15, at 1.)  Accordingly, he requests that his Notice of Removal "be taken under submission on the current status of the filings to date." (*Id.*)

Here's the rub:  The filings to date simply do not provide sufficient information to support a determination that complete diversity of citizenship exists.  It is well established that "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).  It follows, then, that "[a] party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  And, of course, "[w]hen a case is removed based on diversity jurisdiction, as this case was, the case must be remanded to state court if there is not complete diversity between the parties … or one of the defendants is a citizen of the state in which the suit is filed." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011).

The sum total of the removing defendant's showing on the citizenship question is as follows:  Plaintiff is an Alabama citizen.  Lewis is a Georgia citizen.  That's all.  Lewis tells us nothing whatsoever about the citizenship of defendant Greatwide Logistics Services, LLC.  Circuit precedent leaves no doubt that, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity (such as an LLC), "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022.  This is because, for diversity purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Id.*  However, Lewis has not identified the

---

[1] As a matter of well-settled law, "[f]ederal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (citation and internal quotation marks omitted); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

members of defendant Greatwide Logistics Services, LLC, much less made any showing as to the citizenship of such members. On this record, it is impossible to discern whether there is complete diversity as between the plaintiff and defendant Greatwide; therefore, the removing defendant has not met his burden of proof.[2] These ambiguities are construed against removal and in favor of remand. *See Jones v. LMR Int'l, Inc.*, 457 F.3d 1174, 1177 (11th Cir. 2006) ("In reviewing matters concerning removal and remand, it is axiomatic that ambiguities are generally construed against removal.") (citation and internal quotation marks omitted).

In short, Lewis (as the removing defendant and the party invoking federal jurisdiction) has failed to meet his burden of establishing the existence of federal subject-matter jurisdiction over this dispute. Given this jurisdictional defect, the Court can take no further action in this improvidently-removed case.[3] Accordingly, this action is **remanded** to the Circuit Court of Marengo County, Alabama, for further proceedings.

DONE and ORDERED this 24th day of September, 2012.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[2] It is no answer to suggest, as the Notice of Removal did, that the citizenship of some other entity, Greatwide Dedicated Transport I, LLC, may be substituted for that of the named defendant. In the first place, the named defendant is "Greatwide Logistics Services, LLC," so it is the citizenship of that entity, and not that of nonparty "Greatwide Dedicated Transport I, LLC," that matters in the diversity analysis. Moreover, as explained in the September 6 Order, even if Greatwide Dedicated Transport I, LLC were the proper unit of observation for diversity purposes, Lewis has failed to make a showing of the citizenship of all members of that entity. In particular, Lewis has merely said that the sole member of Greatwide Dedicated Transport I, LLC, is an entity called Greatwide Dedicated Transport, LLC; however, the record reveals nothing about the identity and citizenship of the members of that "Greatwide Dedicated Transport, LLC" entity. So even taken on its own terms and accepting at face value that the citizenship of a nonparty called "Greatwide Dedicated Transport I, LLC" may be considered in lieu of that of the named defendant, Lewis's showing of complete diversity remains fatally deficient.

[3] *See Osting-Schwinn*, 613 F.3d at 1092 ("Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.") (citation omitted); *Guevara v. Republic of Peru*, 468 F.3d 1289, 1305 (11th Cir. 2006) ("If the court finds that it does not have subject matter jurisdiction, the court's sole remaining act is to dismiss the case for lack of jurisdiction.") (citation omitted).